

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

December 27, 1972

Honorable Tom Hamilton
District Attorney
64th Judicial District
   Courthouse
Plainview, Texas   79072

Dear Sir:

Opinion No. M-1286

RE:  Whether a certain adver-
tising scheme whereby
cards are punched and
tokens drawn is a
lottery?

You have requested our opinion concerning the advertising
scheme of a local merchant awarding prizes by drawings, and have
inquired as to whether the plan would constitute a lottery in
violation of Article 654, Vernon's Penal Code, the more rele-
vant provisions of which read as follows:

> "Section 1. (a) 'Lottery' means an enter-
> prise wherein for a consideration the parti-
> cipants are given an opportunity to win a
> prize, the award of which is determined by
> chance, even though accompanied by some
> skill.
>
> (b) 'Consideration' means anything which is
> a financial advantage to the promoter or a
> disadvantage to any participant."

Your description of the plan is as follows:

"(1)  Cards substantially similar to the attached
example will be printed.  These cards will be
given to any person that comes into the store,
whether such person makes a purchase or not.

(2)  At the time a card is given to a person, the store
employee handing out such card will punch out
the figure "1" at the left end of the card under
the heading "Free Weekly Punches".  Thereafter

-6308-

the person holding such card will be required to bring it back to the store each week to have an additional number punched out.

(3)   If a person receiving a card wishes to make purchases at the store, then, in addition to the weekly punch number the amount of each purchase will be punched at the right side of the card. The card is retained by the person at all times.

(4)   A large wire drum will be placed in the store. Into this drum will be placed tokens upon which will be printed a cash value. The minimum cash value to be printed on a token will be $1.00. The maximum cash value to be printed on a token will be $100.00. All tokens placed in the wire drum will be printed with a dollar value. The number of tokens to be placed in the wire drum will be equal to the number of cards printed.

(5)   At such time as the person holding a card has had all of the weekly numbers punched out or has had all of the purchase sections of the card punched out, he is entitled to surrender the card to a store employee and to draw one token from the wire drum. The store will pay such person the dollar amount shown on the token.

(6)   After a person holding a card has completed it in one of the two authorized methods and has drawn a token, he is entitled to receive a new card.

(7)   The advertising program is to run for a period of twelve weeks, and cards will be given out to anyone requesting them during such twelve-week period. At the end of the twelve-week period, no additional cards will be given out; however, any person holding a card at the end of the twelve-week period will still be entitled to have the card completed, either by continuing to secure a weekly number punch or by having the purchase record punched out. At

the time of completion such person will be
entitled to draw a token from the wire drum."

Texas cases have consistently held that a lottery is com-
posed of three elements:  "(1) a prize or prizes; (2) the award
or distribution of the prize or prizes by chance; (3) the pay-
ment either directly or indirectly by the participants of a
consideration for the right or privilege of participating."  State
v. Socony Mobil Oil Co., 386 S.W.2d 169, 172 (Tex.Civ.App. 1964,
ref. n.r.e.)  In the plan under discussion, there are clearly
prizes and they are clearly distributed by chance.  The con-
trolling question in determining whether this plan constitutes
a lottery is whether the element of consideration is present.

In your description of the prize plan, there are two ways
in which a person may draw a prize:  by having all of the weekly
numbers punched or by having all of the purchase section punched.
Thus there are two classes of participants:  non-purchasers and
purchasers.  A participant upon completing one card is entitled
to a new card.  For the non-purchaser it requires twelve weeks
to complete the first card, while the purchaser may complete
several during that same period.  The rules also provide that no
additional cards will be distributed after the end of the initial
twelve week period.  Thus the non-purchaser at most could receive
two chances.  In contrast, the purchaser could receive any num-
ber, according to how many purchases he made.  It is therefore
obvious that in the proposed scheme the purchaser receives addi-
tional chances in the give-away solely because of the purchases,
and in relation to the amount of his purchases.  Although it is
true that anyone may participate without making a purchase, it
is also true that additional chances are available in exchange
for puchases made, which but for those purchases are not avail-
able.  The purchases would, then, constitute consideration for
those additional chances, rendering the plan, as proposed, a
lottery in violation of Article 654, Vernon's Penal Code.

S U M M A R Y

The proposed advertising scheme, in providing
more chances for prizes to purchasers than to non-
purchasers, constitutes a lottery in violation of
Article 654, Vernon's Penal Code.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Lang A. Baker
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

W. E. Allen, Chairman

Ben Harrison
Max Flusche
Gordon Cass
Harriet Burke

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant